**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| IN RE: APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | No. 2:23-mc-102-KFW |

**APPLICATION OF THE UNITED STATES**
**FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, through its undersigned counsel, respectfully files under seal this ex parte application for an order pursuant to 18 U.S.C. § 2703(d) to require Meta Platforms Inc., located in Menlo Park, California, to provide records and other information pertaining to certain of its subscribers. The records and other information requested are set forth as Attachment A to the Application and to the proposed Order. In support of this Application, the United States says:

**BACKGROUND**

1.  The Office of the United States Attorney for the District of Maine and the Federal Bureau of Investigations are investigating the use of the Internet to engage in unlawful cyberstalking, in violation of 18 U.S.C. §§ 2261A, as well as the unlawful access of a computer, in violation of 18 U.S.C. § 1030(a)(2).

2.  The investigation in this case provides reasonable grounds to believe that Meta Platforms, Inc. has records and other information pertaining to certain of its subscribers that are relevant and material to an ongoing criminal investigation.

3.  Meta Platforms, Inc. is an Internet service provider located in Menlo Park, California.

4.  Meta Platforms, Inc. is an electronic communications service provider. It provides its subscribers access to electronic communication services, including the

Internet. Therefore, the Government must meet the particular requirements set out in 18 U.S.C. § 2703 in order to obtain access to the records and other information it is seeking.

5. The government seeks to obtain basic subscriber information, as well as records and other information pertaining to a certain subscriber of Meta's. To obtain basic subscriber information, the government needs only a subpoena. 18 U.S.C. § 2703(c)(1)(C). To obtain other records and other information pertaining to subscribers of an electronic communications service, the government must comply with the dictates of Section 2703(c)(1)(B), which provides, in pertinent part:

> A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity--
>
> **(A)** obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction;
>
> **(B)** obtains a court order for such disclosure under subsection (d) of this section;
>
> **(C)** has the consent of the subscriber or customer to such disclosure.

6. Section 2703(d), in turn, provides in pertinent part:

> (d) **Requirements for court order. --**A court order for disclosure under subsection . . . (c) may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the . . . records or other information sought, are relevant and material to an ongoing criminal investigation . . . .

7.      Accordingly, this application sets forth the facts showing that there are reasonable grounds to believe that the records and other information sought from Meta Platforms, Inc. are relevant and material to the ongoing criminal investigation of cyberstalking.

**THE RELEVANT FACTS**

8.      Since November 2022, the United States has been investigating a cyberstalking campaign involving unauthorized access to victim accounts. As more fully described below, the perpetrator tricked at least one of the victims into providing her account credentials via a phishing scheme, posted sexually explicit images of the Victim on social media without her consent, and attempted to extort the Victim for more pictures. Based on FBI interviews, this conduct has caused the Victim substantial emotional distress and violates Title 18, United States Code, Section 2261A. The FBI is also investigating violations of Title 18, United States Code, Section 1030(a)(2) as part of the harassment campaign.

9.      On August 12, 2021, the Victim reported to the Lincoln County Sheriff's Office that she had received messages on the social media platform Instagram from username "zainaanakhjevani" (display name Zaina Nakhjevani) stating there were sexually explicit pictures of the Victim on the Instagram[1] account of username "caseysgonefishing" (display name Casey Smith). Instagram username "zainaanakhjevani" provided the Victim a few screenshots of pictures from "caseysgonefishing", and the Victim confirmed that the pictures were of her. Username "zainaanakhjevani" also sent the Victim a link that was supposed to take her to where photos were located. The Victim clicked the link, which appeared to be an Instagram

---

[1] Instagram is owned by Meta Platforms, Inc.

login page, entered in account login information for her Instagram account "amberheaton" when prompted, but was unable to access the pictures.

10. The Victim subsequently engaged with username "caseysgonefishing" over Instagram direct message. During the course of the conversation, the "caseysgonefishing" account posted more pictures of the Victim and stated: "Told you I was already on it but you don't trust me lmao[2] yeah ok I could of destroyed you hours ago and chose not too. *(sic)*" Below are some other relevant messages username "caseysgonefishing" sent to the Victim in this exchange:

- "I have alot *(sic)* of logins not just you"
- "I hacked one of your friends" and "Log on to her snap and insta with me and blasts all of her shit"
- "I want to save the rest of the pics I want so I can jerk off to you. Or I can send what I have to all your followers. You can choose"
- "But ill just sent *(sic)* them to everyone idc[3]"
- "If you died tomorrow no one would care"

11. The Lincoln County Sheriff's Office served a search warrant on Instagram and was able to identify 67.242.58.9 as the IP address used to register the "caseysgonefishing" account on June 15, 2020. Records showed the IP addresses 74.75.23.252 and 2603:7080:c43f:ef98:8dfb:31f6:a0a5:4e5c were used to log into the "caseysgonefishing" account. Legal returns from the internet service provider (ISP) provided the residential address where the IP addresses were being utilized, along with subscriber name BRENT OUELLETTE (OUELLETTE), the telephone number 207-312-2524, and email brent.r.ouellette@gmail.com for the account. These IP addresses were assigned to the above account between May 7, 2021, through September 5, 2021.

---

[2] "lmao" is shorthand slang for, "laughing my ass off."

[3] "idc" is shorthand slang for "I don't care."

12.     In November 2021, the Lincoln County Sheriff's Office executed a search warrant at OUELLETTE's residence and seized a cellular telephone. The phone number for the device was 207-312-2524. Photos that were sent to the Victim by the "caseysgonefishing" Instagram account were present on the device. The device also contained various social media and email accounts that displayed women's names.

13.     Two email accounts, jennwill1217@gmail.com and jadeprice1217@gmail.com, were found on the cellular telephone seized from OUELLETTE's residence and received emails from Instagram.

14.     In February of 2020 the email account jadeprice1217@gmail.com received a message from Instagram stating the email for the Instagram account "zaina1q" had been changed to novaliesjoberg@yahoo.com.  Also, in February of 2020 the email account jadeprice1217@gmail.com received a message from Instagram stating the email for the Instagram account "zainaaahluwalia" had been changed to zainaaahluwalia@yahoo.com.  In October 2020 the email account jadeprice1217@gmail.com received a message from Instagram stating the email for the Instagram account "tgmclub" had been changed to brentlacombe@gmail.com. In another email from Instagram, "tmgclub" was notified there was a new login from a Samsung-G96OU.

15.     OUELLETTE's phone number, 207-312-2524, was used as a recovery phone number for the email account ericzamrock17@yahoo.com. Ericzamrock17@yahoo.com was used to register Instagram account "dan.g63". Instagram account "dan.g63" was registered using IP address 67.242.58.9, the same IP address that registered the "caseysgonefishing" Instagram account.

5

16.     Information provided by the victim from a download of their Instagram account showed one of the devices used to log into the account on August 11, 2021, was the device ID android-cb51c795603fce12.  The user agent identified the device as a Samsung SM-G960U.  This is the same model that was seized from OUELLETTE's residence.

17.     According to records provided by Instagram, the "caseysgonefishing" and "zainaanakhjevani" accounts involved with the compromise and dissemination of the Victim's photos were not found in Instagram's database, indicating those accounts have been deleted. The investigation seeks to identify other Instagram accounts associated with OUELLETTE, which could show other accounts OUELLETTE may be using to conduct criminal activity. In addition, if the Victim's account is shown to be associated with OUELLETTE's accounts by device or machine cookie, then it would provide additional evidence that OUELLETTE logged into the Victim's account.

18.     The investigation also seeks to identify the accounts of other potential victims which were compromised by OUELLETTE. Screenshots from a program called Zphisher, as well as the application used to run the program, Termux, were present on OUELLETTE's device. Zphisher is used to create links that, once clicked, emulate login screens from known social media and email providers, including Instagram. Once an individual enters their username or email and password into the login prompt, the credentials are captured and stored in a text file accessible to the person who provided the link. These stolen credentials can be used to get into the account provided and possibly other accounts that use the same or similar login information. Screenshots present in OUELLETTE's device appeared to be of the text file associated with the Zphisher program and displayed at least three other victims' login credentials to email

accounts that could serve as the login credentials for their Instagram or other social media platforms.

19. In sum, based on the investigation to date, we believe OUELLETTE has been associated with at least two Instagram accounts involved with the known Victim's account compromise and unlawful dissemination of her private images. The investigation has found at least eight (8) Instagram accounts associated with OUELLETTE. Information regarding OUELLETTE's and the victims' Instagram accounts will potentially yield evidence of this unlawful activity.

## CONCLUSION

20. The specific and articulable facts stated above provide reasonable grounds to believe that the records being sought are relevant and material to the ongoing investigation in that they will assist investigators in identifying the targets, tools used to conduct the criminal activity, and victims of the investigation.

21. The information requested on Attachment A should be readily accessible to Meta Platforms Inc., and its production should not prove to be burdensome. Accordingly, the United States requests that Meta Platforms, Inc. be directed to produce all items described in Part II of Attachment A to the proposed Order.

22. The United States further requests that the Order require Meta Platforms, Inc. not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for a time period of ninety (90) days. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the

existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the attached court order relates to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure may alert the target to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached court order will seriously jeopardize the investigation, including by giving the target an opportunity to destroy or tamper with evidence, change patterns of behavior, or intimidate potential witnesses.

23. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

24. WHEREFORE, the United States respectfully requests that the court enter the attached Order, directing Meta Platforms, Inc. to provide the United States with the records and information described in Attachment A to the Order, further ordering that the Application and Order be sealed, and further ordering that Meta Platforms, Inc. be directed not to disclose the existence or content of the Order for a period of ninety (90) days, except to the extent necessary to carry out the Order.

| | |
|---|---|
| March 15, 2023 | Respectfully Submitted: |
| | DARCIE N. MCELWEE<br>United States Attorney |
| | */s/ Sheila W. Sawyer* |
| | Sheila W. Sawyer<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>100 Middle Street<br>Portland, Maine 04101<br>(207) 780-3257<br>Sheila.Sawyer@usdoj.gov |

9

# ATTACHMENT A

I. **The Account(s)**

The Order applies to certain records and information associated with the following identifiers:

| Telephone number | 207-312-2524 |
| Instagram username | amberheaton |
| Device ID | android-cb51c795603fce12 |
| Email account | brent.r.ouellette@gmail.com |
| Email account | brentlacombe@gmail.com |
| Email account | jadeprice1217@gmail.com |
| Email account | jennwill1217@gmail.com |
| Email account | ericzamrock17@yahoo.com |
| Email account | novaliesjoberg@yahoo.com |
| Email account | zainaaahluwalia@yahoo.com |

II. **Records and Other Information to Be Disclosed**

Meta Platforms, Inc. is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), regardless of whether such information is located within or outside of the United States:

- A. The following information about the customers or subscribers of the Account:

    1. Names (including subscriber names, user names, and screen names);

    2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

    3. Local and long distance telephone connection records (including records of text messages sent and received);

    4. Non-content data such as basic subscriber information (including information captured at the time of registration, such as an alternate email address, name, location, and IP address), login details, and billing information;

    5. Additional non-content data, notably transactional information (e.g., 'to,' 'from,' and 'date' fields from email headers);

    6. Accounts associated by cookie, telephone or SMS number, device, email, or IP address.

      7. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

      8. Length of service (including start date) and types of service utilized;

      9. Telephone or instrument numbers (including MAC addresses);

      10. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      11. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information (not including the contents of communications) relating to the Account, including:

      1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

      2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).

The Provider is hereby ordered to disclose the above information to the government within FOURTEEN DAYS of issuance of this Order.